**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000561**
**21-JUN-2017**
**08:30 AM**

NO. CAAP-16-0000561

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
CURTIS K. LOVE, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 15-1-1975)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant the State of Hawai'i (State) appeals from the Order Granting, in Part, and Denying in Part, Defendant's Motion to Dismiss Count 5 for Unconstitutionally Broad, Vague, and Punitive Statute, and for Violation of Due Process, filed on July 12, 2016 in the Circuit Court of the First Circuit (Circuit Court).[1]

On December 16, 2015 Defendant-Appellee Curtis K. Love (Love) was charged with fraudulent use of a credit card and unauthorized possession of confidential personal information (UPCPI) pursuant to Hawaii Revised Statutes (HRS) § 708-839.55, which stated in part, as follows:

> COUNT 5: On or about August 27, 2015, in the City and County of Honolulu, State of Hawaii, CURTIS K. LOVE, did intentionally or knowingly possess, without authorization, any confidential personal information of [Complaining Witness], in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form, thereby committing the offense of Unauthorized Possession of Confidential Personal Information, in

---

[1] The Honorable Glenn J. Kim presided.

violation of Section 708-839.55 of the Hawaii Revised Statutes.

On July 12, 2016, Count 5 was dismissed by the Circuit Court with prejudice.

On appeal, the State contends the Circuit Court erred in concluding HRS § 708-839.55 (2014) was unconstitutionally overbroad, vague, and a violation of due process.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's point of error as follows:

Love's March 29, 2016 Motion to Dismiss sought dismissal of Count 5 on three grounds: (1) the UPCPI was unconstitutionally overbroad and vague, thus, in violation of the Due Process Clause of the United States Constitution and Hawai‘i Constitution; (2) the statute criminalized "mere possession of information absent any malicious intent to misuse that information," in violation of the Due Process Clause of the United States Constitution and Hawai‘i Constitution; and (3) the charging instrument did not define the element of "confidential personal information" and the term is not readily comprehensible to persons of common understanding, in violation of his due process rights, i.e. the charge was insufficient.

Love's Motion to Dismiss was granted on the basis that HRS § 708-839.55 was unconstitutionally overbroad, vague, and a violation of due process but denied on the ground that the charge was insufficient.

In State v. Pacquing, 139 Hawai‘i 302, 310-17, 389 P.3d 897, 905-12 (2016) (Pacquing II), the court held that HRS § 708-839.55 was not unconstitutionally overbroad. The court also held that a portion of HRS § 708-839.55 was vague and ordered that the phrase "a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person," be stricken from that statute. Id. at 319, 389 P.3d at 914. The Pacquing II court did not strike "a driver's license, a social security number, an identifying number of a depository account, [or] a bank account number" from the

2

definition of confidential personal information.  Id.

Count 5 did not specify the type of confidential personal information that Love possessed in violation of HRS § 708-839.55.  However, based upon Love's Motion to Dismiss and the State's Memorandum in Opposition, it appears the charge was related to Love's possession of the complaining witness's credit or debit cards.  Possession of another's individual credit or debit card information constitutes unauthorized possession of information that is similar in nature to a bank account number or identifying number of a depository account.  State v. Mank, CAAP-16-0000342 (App. January 31, 2017)(SDO) at 6 (possession of another's credit card number constitutes unauthorized possession of information that is similar in nature and character to a bank account number or the identifying number of a depository account).  Therefore, the Circuit Court erred by concluding that HRS § 708-839.55 was unconstitutionally overbroad, vague, and a violation of Love's due process rights.[2]

Therefore, in light of these circumstances, we vacate the Order Dismissing UPCPI Charge, and we remand the case to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai‘i, June 21, 2017.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2] The court notes that the UPCPI charge in this case is virtually identical to the UPCPI charge in Pacquing II. The State in Pacquing II conceded that the UPCPI charge was defective because it did not include the statutory definition of "confidential personal information," and the supreme court agreed with the State's concession and held that the charge was legally insufficient. Pacquing II, 139 Hawai‘i at 308-09, 389 P.3d at 903-04. We conclude, based on Pacquing II, that the Circuit Court also erred in denying the portion of Love's motion that sought dismissal of Count 5 on the ground that the charge was defective.